# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TNG ENTERTAINMENT, LLC, | |
|     Plaintiff, | Case No. 2:15-cv-00933-RFB-CWH |
| vs. | **ORDER** |
| WYNN LAS VEGAS, LLC, et al., | |
|     Defendants. | |

This matter is before the Court on Defendants Wynn Las Vegas, LLC and Wayne Crane's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 12), filed on July 30, 2015. Plaintiff TNG Entertainment, LLC filed a Response (ECF No. 15) on August 17, 2015. Defendants filed a Reply (ECF No. 16) on August 27, 2015. Also before the Court is the parties' stipulation to extend discovery deadlines pending the Court's decision on the motion to dismiss (ECF No. 17), filed on September 15, 2015.

## BACKGROUND

Plaintiff TNG Entertainment, LLC ("TNG") is an entertainment promotion company that sued Defendants Wynn Las Vegas, LLC ("Wynn") and Wayne Crane ("Crane") for breach of contract, unjust enrichment, and various other tort claims after the Wynn allegedly failed to compensate TNG for promoting "Persian Party" events at the Wynn on December 24, 2013 ("December 24 Event"), and December 25, 2013 ("December 25 Event"), according to the parties' agreements. (Am. Compl. (ECF No. 8).)

On July 14, 2015, Wynn and Crane moved to dismiss the amended complaint for failure to state a claim. (Mot. to Dismiss (ECF No. 9).) Wynn and Crane argue dismissal is warranted because Plaintiff received the benefit of the bargain which they made, according to the terms of the

written contract for the December 24 Event. Wynn and Crane further argue that there was no contract, and therefore no breach of contract, for the December 25 Event. Finally, Wynn and Crane argue that the remaining tort allegations are insufficient as a matter of law. TNG responds that Defendants failed to honor additional oral terms of the written contract regarding the December 24 Event, and that a contract was formed when TNG performed according to the terms of an email sent by Crane regarding the December 24 Event. (Resp. to Mot. to Dismiss (ECF No. 13).)

The Court entered a discovery scheduling order on July 29, 2015 (ECF No. 11). The next day, Wynn and Crane filed the current motion to stay discovery (ECF No. 12), arguing that the pending motion to dismiss is potentially dispositive of the entire case and that no discovery is needed at this time to resolve the pending motion. The parties subsequently submitted a stipulation (ECF No. 17) to extend discovery for 120 days, or until the Court has ruled on the motion to dismiss.

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

///

In determining whether to stay the discovery, the Court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the Court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the Court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Court took a "preliminary peek" at the pending dispositive motion and finds that Defendants have not made the strong showing necessary to support the requested stay. At the outset, the Court notes that the motion to dismiss does not address TNG's unjust enrichment claim, an alternative theory of liability under the breach of contract claim. TNG alleges that it performed its obligations under the email "agreement" for the December 25 Event, and was entitled to compensation. (Am. Compl., ¶¶ 33-43. (ECF No. 8).) Wynn and Crane respond that the email was insufficient to create a contract. While it is true, as Wynn and Crane argue, that an action based upon a theory of unjust enrichment is not available when there is an express written contract, the "doctrine of unjust enrichment applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." 66 Am. Jur. 2d Restitution § 11 (1973). If Wynn allowed TNG to promote the December 25 Event on its premises without a contract, and thereby earned revenue or otherwise enjoyed benefit as a result, then a claim of unjust enrichment is adequately stated. Additionally, TNG disputes that it was correctly compensated under the terms of the contract for the December 24 Event, an issue that undeniably requires discovery. Accordingly, the pending motion to dismiss would not be dispositive of the entire case, and discovery is necessary as to this claim even if the remaining claims were dismissed. *Ministerio Roca Solida*, 288 F.R.D. at 506.

Because discovery will not be stayed pending the outcome of the motion to dismiss, the parties' stipulation to extend discovery deadlines is also denied.

1  Based on the foregoing and good cause appearing therefore,

2  IT IS ORDERED the Wynn and Crane's motion to stay of discovery pending resolution of
3  motion to dismiss (ECF No. 12) is **denied.**

4  IT IS FURTHER ORDERED the parties' stipulation to extend discovery deadlines (ECF
5  No. 17) is **denied**, without prejudice.

7  DATED: September 21, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**